**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mally Gage,<br><br>                 Plaintiff,<br><br>v.<br><br>Banner Health,<br><br>                 Defendant. | No. CV-24-01133-PHX-SHD<br><br>**ORDER** |

Before the Court is Plaintiff Mally Gage's "Motion for Stay to Amend Procedural Restrictions for Equitable Treatment of Pro Se Litigants." (Doc. 33).

The Court will deny Ms. Gage's Motion. While district courts have "wide discretion in controlling discovery," *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) (specifically addressing stays of discovery), a party seeking a stay must articulate good cause for a court's exercise of that discretion, *see Nken v. Holder*, 556 U.S. 418, 433-34 (2009) ("The Party requesting a stay bears the burden of showing that the circumstances justify an exercise of [the court's] discretion."); *Wood v. McEwen*, 644 F.2d 797, 801-02 (9th Cir. 1981) ("A district court may limit discovery 'for good cause,' [Fed. R. Civ. P. 26(c)(1)], and may continue to stay discovery when it is convinced that the plaintiff will be unable to state a claim for relief . . . ."). Typically, courts find good cause for a stay of discovery when a pending motion to dismiss does not require additional factual development, *see Wood*, 644 F.2d at 801-02; *Rae v. Union Bank*, 725 F.2d 478, 481 (9th

Cir. 1984) (approving discovery stay in the absence of factual issues relevant to pending Rule 12(b)(6) motion), or when a potentially dispositive issue like immunity is pending, *see Little*, 863 F.2d at 685 ("Here, the judge stayed discovery until the issue of immunity was decided."); *see also Leibel v. City of Buckeye*, 382 F. Supp. 3d 909, 912-3 (D. Ariz. 2019) (staying entire case against one defendant while interlocutory appeal of qualified immunity proceeded).

Here, such circumstances are simply not present. No pending motions suggest that a stay may further the efficient resolution of this case. And factual development is ongoing, weighing against a discovery stay. To the extent Ms. Gage wants a stay because she and Banner Health have unresolved discovery disputes, the Court finds that reason inadequate. As discussed below, Ms. Gage and Banner can efficiently bring these disputes to the Court's attention by following the process required in the Court's Scheduling Order. (Doc. 15). Additionally, if Ms. Gage wants to extend the February 28 fact discovery deadline, she may make a motion to that effect under Local Rule of Civil Procedure 7.3. The Court expresses no views on such a motion; it only notes that Ms. Gage should request an extension for a specific amount of time.

Ms. Gage also requests amended procedures, which she argues are necessary to protect her rights in discovery. In particular, she wishes to be able to bring discovery motions by herself, rather than jointly; to file discovery dispute motions that are longer than the page limit imposed in the Scheduling Order; and to resolve all pre-trial motions by writing alone. (Doc. 33 at 11-12).

The procedures in the Scheduling Order ensure that the Court may assess and rule on discovery disputes quickly and keep the case moving to secure a just, speedy, and inexpensive resolution. Fed. R. Civ. P. 1. They also ensure that the parties communicate with one another. Moreover, the Scheduling Order expressly allows the Court to order supplemental briefing, if warranted. Accordingly, the Court declines to modify its procedures. The fact that Ms. Gage is a pro se litigant is not relevant. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor,

pro se litigants are bound by the rules of procedure."); *Smith v. Internal Revenue Service*, 168 F. Supp. 3d 1221, 1225 (D. Ariz. 2016) ("Although pro se, [Plaintiffs are] expected to abide by the rules of the court in which [they] litigate[]." (alternations in original) (citation omitted)).

Finally, Ms. Gage states in her Motion that she "does not present specific Discovery disputes for consideration." (Doc. 33 at 8:17.) The Court expressly declines to address any disputes raised in the parties' papers. The parties must comply with Paragraph 5 of the Scheduling Order to raise discovery disputes with the Court. If either party wishes to bring unresolved disputes to the Court's attention, the parties must prepare and file the three-page joint motion required by the Scheduling Order. The three-page joint motion must summarize all pending disputes. The Court will then "set a telephonic conference or in-person proceeding, order supplemental briefing, or decide the dispute by relying on the joint motion." (Doc. 15 at 4.)

Accordingly,

**IT IS ORDERED** that Plaintiff Mally Gage's Motion (Doc. 33) is **denied**.

**IT IS FURTHER ORDERED** that the parties must submit discovery disputes in a manner consistent with the Scheduling Order (Doc. 15).

**IT IS FURTHER ORDERED** reaffirming the Order scheduling a Zoom hearing for **Thursday, February 27, 2025, at 10:00 AM**. (Doc. 40.) At the hearing, the Court will address the procedure for handling discovery disputes in this matter, case deadlines, and other topics relevant to the just, speedy, and inexpensive resolution of this matter.

Dated this 25th day of February, 2025.

Honorable Sharad H. Desai
United States District Judge

- 3 -