# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Mally Gage,

Plaintiff,

v.

Banner Health,

Defendant.

No. CV-24-01133-PHX-SHD

**ORDER**

The parties were before the Court for a Discovery Dispute Hearing on February 27, 2025. The Court subsequently ordered the parties to submit a joint statement summarizing the discovery issues, (Doc. 42). The Court received and reviewed the Joint Statements of Discovery Dispute and their attachments, (Docs. 49, 55), and subsequently held another Discovery Dispute Hearing on May 27, 2025, to address the issues raised in the joint statements. The Court enters the following orders on the disputed discovery issues.

**Issue 1: Plaintiff Mally Gage's Deposition**. Gage requests to void her deposition and discipline Defendant Banner Health's counsel, (Doc. 49 at 2), because (1) her motion to stay proceedings, (Doc. 33), had not been ruled on prior to her deposition which she argues is required under Rule 30, and (2) her husband should have been allowed to participate in her deposition to oversee her mental state. The Court disagrees that Rule 30 provides a basis for voiding the deposition. Gage did not file any Rule 30 motion to terminate or limit her deposition, and Banner Health was within its right to conduct the deposition because the Court did not issue a stay in this case. Regarding Gage's husband,

a nonlawyer may not represent a pro se litigant, including speaking on her behalf. *See* 28 U.S.C. § 1654 (allowing parties to plead and conduct their cases personally or through counsel); *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) ("It is well established that the privilege to represent oneself pro se provided by § 1654 is personal to the litigant and does not extend to other parties or entities."). Therefore, Gage's requests regarding her deposition are denied.[1]

**Issue 3: Banner Health's Subpoenas to Employers**. Gage objects to Banner Health's subpoenas to her former employer OptumCare and current employer CVS, (Doc. 49 at 2), on several grounds, including that the information sought is irrelevant as these companies are differently positioned to Banner Health, her role at these companies is different from her role at Banner Health so any information regarding her earning capacity is irrelevant, she has already provided Banner Health with any necessary information through providing her financial documents, and the subpoenas could cause her to be blacklisted at her current job. Banner Health argues the former employers have relevant information because Gage received vaccine exemptions at these jobs as well, so learning what restrictions these employers imposed on Gage bears on whether Banner Health's restrictions were reasonable, and Banner Health still does not have a complete earning history for Gage, which is relevant because she is claiming lost wages. The Court agrees that the information from OptumCare and CVS is relevant. Therefore, Banner Health may proceed with issuing the subpoenas and shall include Gage's requested language in the subpoenas regarding communications between Gage and her employers, as discussed on the record.

**Issue 4: Medical Releases**. Gage objects to Banner Health's request that she sign a HIPAA form to allow her medical providers to release her medical records, (Doc. 49 at 2), because she argues the time period of her medical records from January 2020 to the present is overly broad, the requests for her marriage counseling records are also overly

---

[1] Gage submitted a supplement to the parties' Joint Discovery Dispute, (Doc. 49), regarding Issue 2 (discovery certifications) on May 23, 2025, but the supplement was not docketed until after the discovery hearing on May 27, 2025. Therefore, the Court will address Issue 2 at the next Discovery Dispute Hearing scheduled on June 12, 2025.

broad and irrelevant to this case, and because the requests could lead to information being disclosed about her minor children who she gave birth to during this period. Banner Health argues this information is relevant because one of Gage's claims is for intentional infliction of emotional distress, and therefore this information will allow Banner Health to discover the extent of her emotional distress damages and any alternative sources of such distress, (*id.* at 5). Banner Health stipulated to narrowing the time frame for the medical records it is seeking to discover. The Court agrees that Banner Health is entitled to Gage's medical records, including her marriage counseling records, because Gage has put this information at issue by alleging emotional distress damages. Because both parties agree that the scope may be limited in time, the Court will do so. Accordingly, Banner Health will narrow the scope of its discovery requests regarding Gage's medical records, including but not limited to Request For Production No. 11, to January 1, 2021 through December 31, 2023. Further, any request for medical records must notify the recipient that Gage's children's medical records should not be included.

**Issue 5: Banner Health's Chief Clinical Officer ("CCO") Deposition**. Banner Health objects to Gage's request to depose its CCO, Dr. Marjorie Bessel, based on the apex doctrine, (Doc. 49 at 5). *See, e.g.*, *Klungvedt v. Unum Grp.*, 2013 WL 551473, at *2 (D. Ariz. 2013) (because of the potential for abuse of discovery of an executive at the "apex" of corporate management, in considering whether to allow their deposition, "the court considers whether the executive has unique, first-hand, non-repetitive knowledge of the facts at issue in the case and whether the party seeking the deposition has exhausted other less intrusive discovery methods"). Banner Health thus requests that Gage identify the specific topics and documents involving Dr. Bessel to determine whether another employee could provide this testimony. Gage avers that this deposition is necessary because Dr. Bessel "is directly involved in correspondence and action in nearly every issue of the case . . .", (Doc. 49 at 3). To determine whether to allow Dr. Bessel's deposition, Gage shall provide Banner Health with the specific documents involving Dr. Bessel and topics for Dr. Bessel's deposition. The parties are then directed to meet and confer to discuss their

positions on the deposition. If the parties are unable to reach a resolution, the parties shall file a joint statement, not to exceed 1.5 pages per side, explaining their positions by June 5, 2025.

**Issue 6: Spousal Aid**. Gage requests that her spouse be permitted to aid her in her litigation, (Doc. 49 at 3). For the same reasons regarding non-attorney representation explained in Issue 1, this request is denied.

**Issue 7: Interrogatory No. 13**. Banner Health requests that Gage "[i]dentify by bates number all documents you have produced or disclosed in this case where you allege that Banner (or someone acting on its behalf) stated that unvaccinated employees or employees who had an exemption to the COVID-19 vaccine were a danger to themselves or others or were not protecting 'Sofia'",[2] (Doc. 55-1 at 3). In support of this request, Banner Health argues that Gage averred these statements form the basis of her defamation claim—and given that Gage has produced over 1,300 pages of documentation—Banner Health asks Gage to provide the Bates stamps for these documents, (Doc. 55 at 4). Gage responds that the request is vague and premature, (*id.* at 3). The Court finds that the information sought in the interrogatory is clear and relevant to this case. Accordingly, Gage shall provide a response to Banner Health with the requested information, including by identifying Bates numbers, by June 10, 2025.

**IT IS FURTHER ORDERED** that the deadline for completion of discovery is extended to August 29, 2025, the deadline for good faith settlement talks is extended to September 5, 2025, and the deadline for filing dispositive motions is extended to September 26, 2025.

Dated this 29th day of May, 2025.

Honorable Sharad H. Desai
United States District Judge

[2] The parties explained that Banner Health generically refers to its patients as "Sofia."