**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mally Gage, | No. CV-24-01133-PHX-SHD |
| Plaintiff, | **ORDER** |
| v. | |
| Banner Health, | |
| Defendant. | |

Plaintiff Mally Gage and Defendant Banner Health were before the Court for a discovery dispute hearing on May 27, 2025 to address discovery disputes identified in the parties' joint discovery dispute statements, (Docs. 49, 55). At the hearing, the Court ruled on all issues except Issue 2, relating to Gage's assertion that Banner Health's written discovery responses were inadequate, and Issue 5, relating to Gage's request to depose Banner Health's Chief Clinical Officer ("CCO"), Dr. Marjorie Bessel.

The Court declined to address Issue 2 because the Court did not know which of Banner Health's discovery responses Gage was contesting as insufficient. In its order setting the May 27 hearing, the Court ordered Gage to file a supplement in advance of the hearing identifying the discovery responses she believed were inadequate and providing copies of those responses. (Doc. 54.) Gage complied with the order and timely filed her supplement, (Doc. 57), but because she filed it in person rather than electronically, the Court did not receive a copy in advance of the hearing. The Court therefore continued the discovery dispute hearing until June 12, 2025.

With respect to Issue 5, the Court instructed the parties at the May 27 hearing, and in its order entered after the hearing, to file a joint statement on this issue if they could not reach a resolution after Gage identified the documents and deposition topics she believed supported her request to depose Dr. Bessel. (Doc. 61 at 4.) The parties subsequently filed a joint statement on June 6, 2025. (Doc. 64.)

On June 12, 2025, the Court held the continued discovery dispute hearing on Issues 2 and 5.

**ISSUE 2:**

In her Supplement to Doc. 49 Joint Discovery Dispute Statement, Gage identified each and every discovery response from Banner Health—23 interrogatory responses and 21 responses to requests for production—as deficient. (Doc. 57 at 2–4.) Having briefly reviewed the discovery responses for context in advance of the June 12, 2025 hearing, the Court notes that Gage's challenge to every response does not appear to be made in good faith.

Nonetheless, the Court will allow her to present argument as to why the discovery responses are defective in the form of a discovery dispute matrix. A word version of the matrix template is available at https://www.azd.uscourts.gov/content/discovery-dispute-matrix-do-not-use-unless-specifically-ordered. The first column of the row shall set forth the discovery request verbatim. The second column shall set forth the discovery response verbatim, including all supplemental responses. The third column shall set forth Gage's explanation for why the discovery response is deficient. After Gage submits the matrix, the Court will expeditiously review it and issue further orders, including potentially requiring Banner Health to insert text in the fourth and final column of the matrix explaining why certain discovery responses are sufficient. The Court reminds Gage that the Court may impose sanctions if she makes frivolous arguments concerning the adequacy of Banner Health's discovery responses.

**ISSUE 5:**

Under Rule 26(b), district courts may limit the scope of discovery if "the discovery

1 sought is unreasonably cumulative or duplicative, or can be obtained from some other
2 source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P.
3 26(b)(2). And under Rule 26(c), the Court may "issue an order to protect a party or person
4 from annoyance, embarrassment, oppression, or undue burden or expense" if there is good
5 cause. Fed. R. Civ. P. 26(c)(1).

6 Gage argues that Dr. Bessel's testimony is necessary because she is the "direct and central actor in the events at issue—authoring key communications, creating and announcing policies, and serving as Banner Health's public spokesperson regarding its treatment and dangers of religiously exempt employees." (Doc. 64 at 2.) As examples, Gage points to emails Dr. Bessel authored and sent regarding Banner Health's policies for religiously exempt employees and Dr. Bessel's media briefings regarding unvaccinated individuals, including those with religious exemptions. (*Id.* at 2.)

13 Banner Health objects to this request, arguing that (1) given the organization's size, it would be extremely burdensome to both Dr. Bessel and Banner Health if she had to be deposed in multiple cases involving Banner Health's care or COVID-19; (2) Dr. Bessel does not know about Gage's employment at Banner Health and her knowledge of Banner Health's policies is not unique and instead was in a spokesperson capacity; and (3) Banner Health has offered to allow Gage to depose other individuals with knowledge of these topics or conduct a 30(b)(6) deposition, but as Gage has not done so, she has not attempted to obtain the discovery through less intrusive means or exhausted alternative options. (*Id.* at 4–5.)

22 Because of the potential for abuse of discovery of an executive at the "apex" of corporate management, in considering whether to allow their deposition, the court considers (1) "whether the executive has unique, first-hand, non-repetitive knowledge of the facts at issue in the case," and (2) "whether the party seeking the deposition has exhausted other less intrusive discovery methods." *Klungvedt v. Unum Grp.*, 2013 WL 551473, at *2 (D. Ariz. 2013).

28 Gage does not dispute that Dr. Bessel is a high-level official such that her deposition

would be considered an apex deposition. (*See* Doc. 64 at 1–3.) Therefore, the Court will first determine whether Dr. Bessel has unique firsthand knowledge of the facts of this case. Gage does not argue that Dr. Bessel has any knowledge of Gage's employment at Banner Health or any alleged adverse employment actions she claims to have experienced. (*See id.*) Instead, Gage asserts that Dr. Bessel has information about Banner Health's policies and practices related to religiously exempted employees. (*Id.* at 3.) But Dr. Bessel's knowledge of Banner Health's policies is not unique and personal—instead, the communications Gage points to were made by Dr. Bessel as a spokesperson for Banner Health. Other Banner Health representatives would have the same knowledge regarding these policies.

As for Gage's exhaustion of other methods of discovery, Banner Health has offered to allow Gage to depose other individuals or conduct a 30(b)(6) deposition to obtain this same information regarding Banner Health's policies. (*Id.* at 5.) Gage has not persuasively argued that either option is insufficient. In contrast, Banner Health has sufficiently shown good cause for a protective order given that Dr. Bessel has no unique knowledge of the facts Gage is seeking to obtain, and Gage has not exhausted other less intrusive deposition options.

Therefore,

**IT IS ORDERED** issuing a protective order precluding Gage from taking Dr. Bessel's deposition absent further order from this Court.

**IT IS FURTHER ORDERED** that Gage shall file a matrix with the Court and email an electronic version of the matrix to chambers at desai_chambers@azd.uscourts.gov no later than **June 20, 2025**.

Dated this 12th day of June, 2025.

Honorable Sharad H. Desai
United States District Judge

- 4 -