**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Mally Gage,

        Plaintiff,

v.

Banner Health,

        Defendant.

No. CV-24-01133-PHX-SHD

**ORDER**

Before me is Plaintiff Mally Gage's Motion to Disqualify Judge Desai Pursuant to 28 U.S.C. § 455, which seeks recusal under subsections (a), (b)(1), (b)(4), and (b)(5) of that statute. (Doc. 84 at 1.) Having considered Gage's filing, the Motion will be **denied**.

## I.    Legal Standard

Section 455(a) of Title 28 provides: "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Section 455(b) provides, in relevant part, that a judge shall disqualify himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," "has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding," and if "[h]e or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such person" is involved in the proceeding or has an "interest that could be substantially affected by the outcome of the proceeding." 28 U.S.C. § 455(b); *see also*

*Code of Conduct for United States Judges,* Canon 2, 3. "Actual bias isn't required; the appearance of impropriety can be a sufficient basis for judicial recusal." *Blixseth v. Yellowstone Mountain Club, LLC*, 742 F.3d 1215, 1219 (9th Cir. 2014) (citing *Liljeberg v. Health Servs. Acq. Corp.*, 486 U.S. 847, 864–65 (1988); *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993)).

"It is, indeed, important that judges be and appear to be impartial. It is also important, however, that judges not recuse themselves unless required to do so, or it would be too easy for those who seek judges favorable to their case to disqualify those they perceive to be unsympathetic merely by publicly questioning their impartiality." *Perry v. Schwarzenegger*, 630 F.3d 909, 916 (9th Cir. 2011) (citations omitted). The standard for a judge's recusal under 28 U.S.C. § 455 is "whether a reasonable person with knowledge of all the facts would conclude the judge's impartiality might reasonably be questioned." *Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir. 1993) (quotation marks omitted). Importantly, the "reasonable person" under § 455 "is not someone who is hypersensitive or unduly suspicious, but rather a well-informed, thoughtful observer." *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008) (quotation marks omitted).

The alleged prejudice must arise from an extrajudicial source, and thus "a judge's prior adverse ruling is not sufficient cause for recusal." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986). Indeed, the Supreme Court has determined that a court's judicial rulings "almost never" constitute a valid basis for a motion to disqualify. *United States v. Liteky*, 510 U.S. 540, 555 (1994). This is because "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgments impossible." *Id.* Thus, judicial rulings on particular motions establish bias only in the "rarest circumstances." *Id.*

Allegations that are merely conclusory are not legally sufficient. *United States v. $292,888.04 U.S. Currency*, 54 F.3d 564, 566 (9th Cir. 1995); *United States v. Vespe*, 868

F.2d 1328, 1340 (3d Cir. 1989); *see also In re Hayden*, 2025 WL 1420905, at *8 (B.A.P. 9th Cir. 2025) ("factual allegations do not have to be taken as true, and a judge should not recuse . . . on unsupported, irrational, or highly tenuous speculation" (alteration in original) (quotation marks omitted)).  "Because a judge is presumed to be impartial, the party claiming bias bears a substantial burden to show that the judge is not impartial." *Langley v. Brown*, 2007 WL 1186263, at *2 (D. Ariz. 2007) (quoting *Shafler v. HSBC Bank USA*, 2007 WL 578993, at *7 (N.D. Cal. 2007)).

**II.    Analysis**

In her Motion, Gage alleges that recusal is required because a

> series of rulings and procedural/legal departures that consistently favor [Defendant Banner Health ("Banner Health")], coupled with (1) statements and conduct evidencing bias toward pro se plaintiff, (2) potential undisclosed financial or business relationships with the defendant, (3) prior affiliations and policy roles during the COVID-19 period at Honeywell that appear substantially related to issues presented here, and (4) a personal knowledge of disputed facts outside the record, would lead a reasonable observer to question the Court's impartiality.

(Doc. 84 at 1.)  Although Gage identifies the foregoing as the basis for recusal in the Introduction, her substantive arguments in the Memorandum of Points and Authorities are not organized accordingly, and instead are set forth under the following five headings: (A) "Procedural Inequality and Bias in Deposition(s)"; (B) "Failure to Provide Equal and Fair Due Process"; (C) "Warring of HIPAA and Privacy Rights"; (D) "Blacklisting"; and (E) "Conflicts of Interest." (*Id.* at 3, 5, 9, 10, 13.)  For ease, I will utilize the headings Gage supplied in the Motion in conducting my analysis, except that where an argument in one part of the Motion logically fits under a different heading, I will address the argument under the logical heading.

Although I will endeavor to address Gage's arguments, it is impossible to address all of them because they are laid out in stream-of-consciousness form, often in conclusory fashion, and without citation to the record or any evidence.  As the Supreme Court recently noted "judges are not like pigs, hunting for truffles buried in the record," and instead the

party that bears the burden of proof must be held to their burden. *Murthy v. Missouri*, 603 U.S. 43, 67 n.7 (2024) (cleaned up) (quoting *Gross v. Cicero*, 619 F.3d 697, 702 (7th Cir. 2010) (striking "any of the parties' factual assertions, in any section of their briefs, that lack direct citation to easily identifiable support in the record")). Although no portions of the Motion will be stricken for failure to cite to the record or evidence, the analysis below will focus on those arguments that are comprehensible and are supported by identifiable references to the record or evidence attached to the Motion.

### A.    "Procedural Inequality and Bias in Deposition(s)"

Gage first asserts that recusal is warranted because I have shown bias against her, and in favor of Banner Health, in connection with the depositions in this case. (Doc. 84 at 3–5.) Specifically, her arguments relate to her deposition, (*id.* at 3–4), and her desire to depose Banner Health's Chief Clinical Officer ("CCO"), Marjorie Bessel, (*id.* at 4–5). Although she does not include citations to pertinent statutes or caselaw, it appears Gage is arguing for recusal under § 455(a).

### 1.  Gage's February 7, 2025 Deposition

Gage asserts an array of arguments relating to her deposition to suggest that I have acted in a biased and partial manner. She first complains that even before her deposition, she informed Banner Health of concerns with the deposition, but Banner Health "obstructed the matter from reaching the court." (*Id.* at 3.) She then argues that "Judge Desai blocked *pro se* Gage from overcoming defense obstructions" and from raising her concerns because the discovery dispute procedure set forth in the Scheduling Order was enforced against her "in violation of fair and equal protections." (*Id.*) She then alleges misconduct by Banner Health at her deposition. (*Id.* at 3–4.) Relatedly, in a different section of the Motion, she asserts that "Judge S. Desai in this case permitted intrusive questioning by the defense during Plaintiff's deposition in matters regarding her Ninth Circuit case, despite its privilege at the time and irrelevance to the present litigation and pending deposition concerns." (*Id.* at 14.) She also suggests that I unfairly failed to resolve her request for an extension of time to review and correct her deposition transcript. (*Id.* at

4.) She then argues that, by not retroactively voiding her deposition at a May 27, 2025 discovery dispute hearing, I "precariously allow[ed Banner Health's] prohibited actions to stand which Gage asserts is a deprivation of rights under color of law." (*Id.*) Specifically, she takes issue with my rejection of her arguments relating to "FRCP standards for matters related to the deposition," including rejection of her argument that her husband should have been allowed to "object during the deposition or request breaks" on her behalf. (*Id.*)

Several of Gage's arguments relating to her deposition fail to plausibly establish bias or the appearance of impropriety for a simple reason: this case was not reassigned to me until after Gage's deposition. That deposition took place on February 7, 2025. (*See* Doc. 32 (Notice of Videotaped Deposition of Mally Gage).) This matter was reassigned to me three days later, on February 10, 2025. (Doc. 37.) Because I was not assigned until after Gage's deposition, several of her allegations fail as a threshold matter—I could not have prevented Gage from raising her concerns before the deposition, stayed the case prior to her deposition, or "permitted intrusive questioning . . . during Plaintiff's deposition," because I was not assigned the case when she was deposed.

Similarly, to the extent Gage contends that my enforcement of the discovery dispute procedure in this case reflects bias, she disregards the fact that this procedure was imposed by a different judge, the Honorable Michael T. Liburdi, who presided over this case before it was reassigned to me. (*See* Doc. 15 at 4.) Moreover, this procedure applies equally to both parties, (*id.*), and as explained in the Order denying Gage's request to modify case procedures, is designed to efficiently resolve disputes and promote the "just, speedy, and inexpensive resolution" of cases, (Doc. 41 at 2–3 (citing Fed. R. Civ. P. 1)).

Gage's suggestions that my actions after her deposition demonstrate bias fare no better. With respect to her argument that I failed to timely address and grant her an extension of time to review and correct her deposition transcript, she made this request in the parties' March 17, 2025 Joint Discovery Dispute Statement—three days before the "certification deadline of 3/20/2025"—and in that same joint statement Banner Health stated that it did "not object to extend the time for Plaintiff to review her deposition

transcript." (Doc. 49 at 1, 4.)  Given the parties' agreement to the relief sought, there was no discovery dispute on this issue that needed urgent resolution.  Gage did not at any time file a stipulated motion for an extension—which would have been appropriate given Banner Health's non-opposition—nor did she specify the length of the extension she sought, nor did she seek expedited consideration of this sub-issue of the Joint Discovery Dispute Statement (which included six separate issues).  Put another way, it was not apparent that any urgent resolution was sought or needed, especially given that deadlines had previously been extended by three months.  (Doc. 43.)  And at the hearing on the Joint Discovery Dispute Statement on May 27, 2025, shortly after the denial of Gage's motions seeking reconsideration and interlocutory appeal of a prior order, (*see* Docs. 53, 54), Gage stated that she "did sign the deposition under duress and that is noted on the document," mooting the issue, (Doc. 81 at 8–9).  No reasonable person, with knowledge of all the facts, would conclude that my impartiality might reasonably be questioned on this basis.

Likewise, the denial of Gage's request to void her deposition does not satisfy the test for recusal because, at most, it reflects a disagreement with the ruling.  *See Studley*, 783 F.2d at 939 (explaining that "a judge's prior adverse ruling is not sufficient cause for recusal" (citation omitted)).  "Judges are known to make procedural and even substantive errors on occasion" but such errors "would be the basis for appeal, not recusal."  *F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1145 (9th Cir. 2001).  Moreover, the reasoning for the denial was provided to Gage, with citations to the pertinent rule, statute, and caselaw, both at the hearing and in the subsequent written order.  (*See* Doc. 81 at 3–6; Doc. 61 at 1–2.)  Gage does not meaningfully address that reasoning or the pertinent law in her Motion.

2.    **Deposition of Banner Health's CCO, Dr. Bessel**

Gage suggests that the protective order preventing the deposition of Banner Health's CCO, Dr. Bessel, under Fed. R. Civ. P. 26(c) and the "apex" doctrine, reflects bias.  But she does not identify with any specificity what was unfair about the ruling or the proceedings leading up to it.  Banner Health argued for its protective order at the May 27,

2025 hearing, along with five other issues raised by the parties in their March 17, 2025 Joint Discovery Dispute Statement. (*See generally* Doc. 81.) Because Gage argued that Dr. Bessel had authored important emails that warranted a deposition, (*see id.* at 32–35), Gage was ordered to "provide Banner Health with the specific documents involving Dr. Bessel and topics for Dr. Bessel's deposition," the parties were directed to meet and confer again, and they were ordered to file another joint discovery dispute statement "explaining their positions" if they were unable to reach agreement, (Doc. 61 at 3–4). The parties were unable to resolve their dispute and filed another joint statement concerning the CCO deposition on June 6, 2025. (*See* Doc. 64.) The parties resumed argument on the issue at a June 12, 2025 hearing. (Doc. 82 at 2–9.) After taking the matter under advisement, I issued "a protective order precluding Gage from taking Dr. Bessel's deposition absent further order from this Court" because Gage had neither established that Dr. Bessel had unique knowledge, nor shown that she had "exhausted other less intrusive deposition options." (Doc. 67.)

To summarize, Gage had two opportunities to state her position in writing and two opportunities to argue her position orally regarding this issue. And the order granting the protective order explained why Banner Health was entitled to relief while leaving open the possibility of a "further order from this Court" allowing the CCO deposition, if warranted. On these facts, a reasonable person would not conclude that my impartiality might reasonably be questioned. *See Studley*, 783 F.2d at 939.

**B.    "Failure to Provide Equal and Fair Process"**

Gage next alleges that I have unfairly treated her with respect to the procedure used in this case. Again, she fails to support many of her arguments with citations to the record or other evidence, making it difficult to address her assertions. But it appears she is making five separate arguments regarding: (1) Banner Health's Motion for Discovery Dispute Conference (Doc. 39); (2) the denials of Gage's motion to stay and her related reconsideration motion, (Docs. 41, 53); (3) the scheduling and substance of the May 27, 2025 hearing; (4) enforcement of the discovery dispute procedure generally; and (5) the

entry of filings on the docket by the Clerk's Office. Each argument is addressed in turn, again with the assumption that Gage relies on § 455(a) as the basis for recusal.

### 1.      Banner Health's Motion for Discovery Dispute Conference

On February 25, 2025, Banner Health requested a hearing on discovery disputes raising both procedural and substantive issues. (Doc. 39.) The primary procedural question it raised was whether the parties should follow the discovery dispute procedure in the Scheduling Order entered by Judge Liburdi, which requires the parties to submit a joint statement of the dispute limited to 1.5 pages per side, (Doc. 15 at 4), or the discovery dispute procedure in my standing case management order, which does not allow any written filings and instead requires the parties to jointly contact the court to schedule a hearing.[1] (Doc. 39 at 1–2.) Banner Health noted in its motion that Gage "contends that she has no obligation to participate in the Court's procedures based on her motion to stay the case" and that Gage's actions "threaten Banner's ability to secure much needed discovery, which is set to end on **February 28, 2025**." (*Id.* at 1.) Banner Health also raised two substantive discovery disputes concerning records it sought via subpoena concerning her employment records and medical records. (*Id.* at 3–4.)

That same day, a video conference hearing was scheduled for February 27, 2025, the day before the fact discovery deadline. (Doc. 40.) I also entered a separate order (a) denying Gage's request for a stay and alternative procedures, and (b) clarifying that Judge Liburdi's Scheduling Order governed (rather than my standard order). (Doc. 41.) At the February 27 hearing, the parties were again informed that they must follow the discovery dispute procedure imposed by Judge Liburdi because it allows for the speedy and efficient resolution of discovery disputes. (Doc. 80 at 3–6.) At the same time, I declined to address the discovery disputes Banner Health had raised, instead giving Gage the opportunity to meet and confer, notwithstanding her prior refusal to participate in the meet-and-confer process. (*Id.* at 6–7 ("I'm going to bend over backwards, Ms. Gage, and

---

[1]      The current version of my standard case management order may be found on the District Court's website at https://www.azd.uscourts.gov/judges/judges-orders.

give you an opportunity to meet and confer in good faith to make sure that there is, in fact, an issue here.").)  Finally, in light of the disputes between the parties and the impending fact discovery deadline, extensions to case deadlines were discussed.  (*Id.* at 7–12; *see also* Doc. 43 (extending case deadlines).)

Gage's complaints amount to nothing more than disagreements with procedural and scheduling rulings, which are not a valid basis for recusal.  *See Studley*, 783 F.2d at 939. Gage appears to argue that there was something unfair about scheduling a hearing on two days' notice, and suggests that it was unfair that Banner Health's request for a hearing was considered because that filing was "a prohibited sur-reply to Plaintiff's fully briefed motion [to stay and amend case procedures] and contrary to the original Scheduling Order."  (Doc. 84 at 5.)  Neither argument has merit.  A district court has broad inherent authority to manage its docket and schedule proceedings as needed.  *See Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) (citing *Landis v. North American Co.*, 299 U.S. 248, 254–55 (1936)).  And as explained at the February 27, 2025 hearing, "I wanted to get [the hearing] scheduled quickly given the impending fact discovery deadline of tomorrow."  (Doc. 80 at 2.)  I also explained that I would *not* consider the substantive discovery disputes raised by Banner Health at the hearing to allow Gage the opportunity to meet and confer, and if that failed, the parties could submit a joint discovery dispute statement.  (*Id.* at 6–7.)  On these facts, no reasonable person would conclude that my impartiality might reasonably be questioned.  *See Studley*, 783 F.2d at 939.

### 2.    Denial of Motion for Reconsideration

Gage appears to suggest that my orders denying her request for a stay and denying her subsequent motion for reconsideration, (Docs. 41, 53), warrant recusal because she disagrees with those orders.  (Doc. 84 at 5.)  As previously noted, a party's disagreement with rulings generally cannot support a request for recusal under 28 U.S.C. § 455.  *See Studley*, 783 F.2d at 939; *F.J. Hanshaw Enters.*, 244 F.3d at 1145.  Accordingly, her argument fails.

### 3.    May 27, 2025 Hearing

On March 17, 2025, the parties filed a Joint Discovery Dispute Statement raising six separate issues. (Doc. 49.) On May 20, 2025, the same day Gage's motion for reconsideration was denied, a hearing was scheduled for May 27, 2025 to address the disputed issues. (Doc. 54.) Because one of the issues involved Gage's contention that Banner Health had failed to supply adequate written discovery responses, Gage was ordered to identify the discovery responses she believed were deficient and provide copies of those responses by May 23, 2025. (*Id.*)

At the May 27 hearing, the parties argued all six issues raised in the March 17 statement. Four issues were resolved, but I deferred consideration of two issues for which I requested additional briefing. (*See generally* Doc. 81; *see also* Doc. 59.) I also resolved another Joint Discovery Dispute Statement filed by the parties on May 23, 2025, which raised a dispute over a single interrogatory propounded by Banner Health. (Doc. 81 at 39–43.)

Gage argues that the scheduling of a discovery dispute hearing on seven days' notice, and requirement she identify Banner Health's deficient discovery responses and provide copies of those responses on three days' notice, reflects bias because I disregarded her May 23, 2025 Motion for Continuance of Discovery Hearing (Doc. 56). (Doc. 84 at 6.) But as has already been explained—and as the docket reflects—although Gage filed her continuance request on May 23, it was not actually entered on the docket until after the May 27 hearing had begun. (Doc. 59 ("The Motion to Continue Discovery Hearing was entered on 5/27/25, (Doc. 56), after the Discovery Dispute Hearing scheduled on that date had already commenced, (Doc. 54). Accordingly, IT IS ORDERED that the Motion to Continue Discovery Hearing, (Doc. 56), is denied as moot.").) And at no point during the May 27, hearing did Gage mention that she had sought a continuance the previous business day (before the Memorial Day weekend), nor did she orally request a continuance at the hearing. (*See generally* Doc. 81.) Claiming that I failed "to accommodate Plaintiff's proactively disclosed work schedule," (Doc. 84 at 6), while knowing that I was not aware

of her continuance request until after the hearing, is illogical.[2]  Gage also ignores the fact that when she orally raised concerns about the scheduling of the next hearing due to her professional obligations, her request was accommodated and the hearing was scheduled for June 12, 2025—a date she confirmed was convenient to her.  (Doc. 81 at 11–12.)

Ultimately, Gage's complaints reflect nothing more than disagreement with my routine exercise of docket management authority.  *See Mediterranean Enters.*, 708 F.2d at 1465.  A "reasonable person with knowledge of all the facts would [not] conclude [my] impartiality might reasonably be questioned." *Studley*, 783 F.2d at 939.

### 4.    Enforcement of the Discovery Dispute Procedure

Gage contends that I have "repeatedly permitted" Banner Health to brief discovery disputes one topic at a time, while precluding her from doing the same.  (Doc. 84 at 7.) Her argument is based on a false premise—Judge Liburdi's discovery dispute procedure applies equally to both parties.  Gage's argument that Banner Health was improperly allowed to brief discovery dispute issues in its February 25, 2025 Motion for Discovery Dispute Conference lacks merit because, as noted above, I declined to consider the discovery disputes raised in that filing, and instead directed the parties to meet and confer and submit a joint discovery dispute statement if any issues remained.  (*See* Doc. 80 at 6–7.)  Likewise, Gage's suggestion that only she was required to "condense multiple disputes (in one scenario **6 disputes**)" is false.  Both Gage and Banner Health were required to submit their positions on the six disputes—raised by both parties—in a single joint discovery dispute statement.  (Doc. 42.)  And the parties both complied with that requirement. (Doc. 49.)

In a similar vein, Gage's assertion that she was denied the opportunity to brief the deficiency of Banner Health's written discovery responses, (Doc. 84 at 7), is not based in reality.  After determining that the March 17, 2025 Joint Discovery Dispute Statement did not contain sufficient information to rule on the sufficiency of Banner Health's responses,

---

[2]    Gage has acknowledged that there have been delays in the entry of her paper filings on the docket.  Indeed, she has alleged this as a separate basis for recusal, (Doc. 84 at 7–8), and also filed a separate motion seeking relief on this issue, (Doc. 83).

Gage was ordered to identify which of Banner Health's discovery responses she believed were deficient and provide copies of those responses. (Doc. 54.) And after she informed me that she disputed "each and every discovery response from Banner Health—23 interrogatory responses and 21 responses to requests for production," I noted that her "challenge to every response does not appear to be made in good faith," but "[n]onetheless [allowed] her to present argument as to why the discovery responses are defective in the form of a discovery dispute matrix." (Doc. 67 at 2.) At the continued discovery dispute hearing held on June 12, 2025, I explained why I sometimes use a discovery dispute matrix to resolve disputes over written discovery responses: "[I]t makes it very easy for me to see what the request was, the response was, and what your argument is all in one line. Otherwise, I have to cobble together multiple documents and it's a real challenge for me." (Doc. 82 at 13–14.) And when Gage indicated that she wanted additional time to complete the matrix, she was granted two extensions. (Docs. 72, 78.)

Gage has received—and exercised—the opportunity to provide written argument concerning why each and every response from Banner Health is deficient. (*See* Doc. 85.) Her allegations on this point are therefore baseless, and she has failed to meet her burden of establishing that recusal is required under 28 U.S.C. § 455(a).

### 5. Docketing of Paper Filings

Gage contends that docketing delays in the Clerk's Office regarding her paper filings is an additional basis for recusal, arguing that I, or my staff, are somehow involved in "disadvantaging her for exercising her rights to paper file." (Doc. 84 at 7–8.) She also suggests that I was involved in a miscommunication between her and the Clerk's Office concerning preparation of hearing transcripts. (*Id.* at 8.) Gage provides no evidence that I or my staff were involved in these matters, and her argument fails for that reason alone. *See $292,888.04 U.S. Currency*, 54 F.3d at 566 (holding that allegations that are merely conclusory are not legally sufficient); *see also In re Hayden*, 2025 WL 1420905, at *8 (B.A.P. 9th Cir. 2025) ("factual allegations do not have to be taken as true, and a judge should not recuse . . . on unsupported, irrational, or highly tenuous speculation" (alteration

- 12 -

in original) (quotation marks omitted)).  Furthermore, Gage's arguments are duplicative of those made in her Motion to Correct Docketing Errors (Doc. 83), which will be addressed via a separate order.

### C.    "Warring of HIPAA and Privacy Rights"

Gage next alleges that the ruling requiring her to execute releases for certain medical records was improper, arguing (without citation to the record) that "Judge Desai not only blocked written motions that could show the facts accompanied by laws [sic], but during the oral argument he clarified **they didn't know the law and had no intent on discussing, upholding or even following law but rather off-loading the legal compliance fully to the records' custodian**."  (Doc. 84 at 9.)  She further argues my actions "break laws," go "beyond Article III judicial bounds . . . superseding Congressional Acts [in] violation of the Supremacy Clause" thereby implicating "the impending fruit of the poisonous tree doctrine and exclusionary rule on the evidence," in violation of the Constitution, numerous civil rights laws, and various Supreme Court cases. (*Id.* at 9–10.)  It appears that Gage makes her arguments for recusal under § 455(a).

Gage's medical record releases was raised by the parties in the March 17, 2025 Joint Discovery Dispute Statement.  (Doc. 49 at 2, 5.)  In its portion of that statement, Banner Health cited two cases for the relatively straightforward proposition that medical records become relevant—and a plaintiff thereby waives any privacy interest in those records— when a plaintiff places their medical condition at issue in a case.  (*Id.* at 5 (citing *Tunoa v. Corr. Corp. of Am.*, 2014 WL 12796198, at *2 (D. Ariz. 2014); *Wilkins v. Maricopa Cnty.*, 2010 WL 2231909, at *4 (D. Ariz. 2010))).  At the May 27, 2025 hearing, the parties argued their positions on the issue.  Gage was ordered to execute the medical releases, although Banner Health was only allowed to pursue a narrowed scope of medical records to alleviate some of Gage's concerns.  (Doc. 81 at 23–32; *see also* Doc. 61 at 2–3.)

While difficult to follow, Gage's argument for recusal ultimately boils down to her disagreement with the order requiring her to execute the medical releases.  As noted previously, a party's disagreement with rulings generally cannot form the basis of a recusal

- 13 -

motion.  *See Studley*, 783 F.2d at 939; *F.J. Hanshaw Enters.*, 244 F.3d at 1145.  Gage's recourse is via appeal, not a request for recusal.

### D.     "Blacklisting"

Gage's next basis for recusal relates to Banner Health's alleged "blacklisting" involving her employers.  This portion of the Motion is difficult to comprehend, both because Gage presents her arguments as her stream of consciousness and fails to cite pertinent portions of the record.  Reviewing the motion charitably, it appears that Gage makes two arguments for recusal under § 455(a): (1) the order allowing Banner Health to issue subpoenas to Gage's employers, which would in the future cause her economic damage due to being blacklisted, was erroneous; and (2) I "egregiously mocked Gage" when she indicated that she might want to pursue a blacklisting claim against Banner Health in the future.  (Doc. 84 at 10–13.)

#### 1.     Subpoenas to Gage's Employers

Like the medical release issue addressed above in Section II(C), the parties raised in their March 17, 2025 Joint Discovery Dispute Statement a dispute about Banner Health's efforts to subpoena Gage's past, current, and prospective employers to obtain information relevant to her claims and damages.  (Doc. 49 at 2, 4.)  The parties argued the issue at the May 27 hearing, where Gage's objections were overruled and Banner Health was allowed to subpoena Gage's employers on the condition that the subpoenas include a request for information Gage herself sought from those employers.  (Doc. 81 at 12–23; *see also* Doc. 61 at 2.)

As with several of her previous arguments, Gage seeks recusal because she disagrees with a prior ruling.  But again, this cannot by itself form the basis for recusal. *See Studley*, 783 F.2d at 939; *F.J. Hanshaw Enters.*, 244 F.3d at 1145.  Gage's remedy, if any, lies on appeal.

### 2.    Blacklisting Claim

Gage alleges that I "egregiously mocked Gage and the Arizona blacklisting laws A.RS. [sic] § 23-1361 in that if damages arose [from the subpoenas to her employers] she would have to **open a separate legal case**." (Doc. 84 at 12.)  She also asserts that

> [T]he court's overriding of state law and telling Gage to simply open another lawsuit if damages occur is a deprivation of rights in this case and directly supersedes Article VI Clause II of the U.S. Constitution, The Supremacy Clause, as well as the 10th Amendment in superseding the state and the people – a warring of the Constitution.  Such actions would bring a reasonable observer to determine bias and prejudice.

(*Id.* at 13.)

Gage's allegations, again, have no basis in reality.  The following is the entirety of the discussion at the May 27 hearing concerning her desire to assert a blacklisting claim against Banner Health, which reflects neither mockery nor any requirement that she file a separate case:

> MS. GAGE: I would as well as if the subpoenas show frivolous information or incur further damages, I would like the opportunity to bring that in.
>
> THE COURT: I'm not sure I understand your request.
>
> MS. GAGE: If these subpoenas that I've objected to because of the information they're requesting and how I don't believe it's relevant show that it is frivolous and they do cause further damages down the road -- because I can object down the road -- but this is going to impact me now. This is the only job I found that allows religious accommodations currently and is my only income for my whole family and myself.  If that causes further damages, I would like the opportunity to amend them in.
>
> THE COURT: *So I'm not going to rule on that. You can seek to amend or file another lawsuit altogether.*  I would tell you that the defense has a right to engage in discovery and seek relevant information, which I do believe this is, so I'm not going to weigh on the validity or propriety of any such action by you in the future.

(Doc. 81 at 19–20 (emphasis added).)  Because Gage's argument is premised on incorrect factual assertions, her argument fails.  Put another way, no reasonable person would

- 15 -

conclude on the true facts—as reflected in the transcript excerpt above—that my impartiality might reasonably be questioned.  *See Studley*, 783 F.2d at 939.

### E.    "Conflicts of Interest"

Finally, Gage alleges that conflicts of interest require me to recuse.  Her arguments are difficult to follow because she alleges a wide range of allegations and conspiracies involving my sister, the Honorable Roopali Hardin Desai, other judges she claims were appointed by President Joseph R. Biden, Banner Health, Honeywell, several other companies, and at least one other individual.  (Doc. 84 at 13–17.)  In an attempt to address her allegations, I will group her allegations into two buckets: those involving Judge Roopali Desai, and those involving my former employer, Honeywell International Inc. ("Honeywell").  Although Gage cites Canon 3(C)(1) of the Code of Conduct for United States Judges, it appears that she is relying on § 455(a), and -(b)(1), (4)-(5), which she cites in the introduction to her Motion.  (*Id.* at 1.)

#### 1.    Gage's Ninth Circuit Appeal

Gage insinuates that I have a conflict of interest in this case because Judge Roopali Desai was involved in Gage's appeal in a separate case:  "Shortly after Plaintiff notified her intent to seek judicial disqualification in this case, her long-pending Ninth Circuit appeal that was awaiting judgement [sic] for over a year was promptly decided adversely by a panel including Judge R. Desai, in a ruling that didn't align with legal standards - as if in retaliation."  (*Id.* at 13.)

Gage does not offer any evidence that I was aware that her appeal had been assigned to a panel that included Judge Roopali Desai, nor does she adduce any evidence that Judge Roopali Desai was aware that the instant case was pending before me before either of us made any rulings.  Gage offers no explanation of how I could have influenced the assignment or outcome of a Ninth Circuit panel proceeding in a separate case, nor does she offer any facts suggesting any communication between me and Judge Roopali Desai concerning either case.  Gage's conclusory allegation that the adverse decision in her Ninth Circuit appeal was "in retaliation" for this Motion is legally insufficient to warrant recusal

because it is not based on any facts. *See $292,888.04 U.S. Currency*, 54 F.3d at 566; *see also In re Hayden*, 2025 WL 1420905, at *8. Indeed, a "reasonable person," rather than "someone who is hypersensitive or unduly suspicious," *Holland*, 519 F.3d at 913 (cleaned up), would not conclude that my impartiality might reasonably be questioned based on the facts (or lack thereof) here. *See Studley*, 783 F.2d at 939. Put another way, Gage has not satisfied her burden under § 455(a), (b)(1), or (b)(5), the only possible provisions that could apply to her unsupported allegations.

In addition to claiming retaliation in her Ninth Circuit appeal, Gage argues that recusal is required because Judge Roopali Desai, the other members of the panel that decided her appeal, and I were appointed by President Joseph R. Biden, suggesting that our "political affiliation" makes it impossible to hear her cases. (Doc. 84 at 13–14.) Gage's argument fails because, even assuming her assertions as true, "[n]either a judge's political affiliation nor his or her appointment by a particular President are grounds for recusal." *Larson v. C.I.A.*, 2010 WL 4623923, at *1 (E.D. Cal. 2010) (citing *Sataki v. Broadcasting Bd. of Governors*, 733 F.Supp.2d 16, 21–22 (D.D.C. 2010) (rejecting argument that recusal was necessary because presiding judge was nominated by a Democratic administration)).

Finally, Gage argues that I must recuse because Judge Roopali Desai litigated a case involving the use of masks in public schools when she was in private practice. (Doc. 84 at 14 (citing Exhibit G to the Motion).)[3] But my sibling's past litigation activities cannot form the basis for my recusal. In *Perry v. Schwarzenegger*, a judge on the Ninth Circuit declined to recuse based on his wife's role as Executive Director of the American Civil Liberties Union of Southern California ("ACLU/SC"), which was tangentially engaged in litigation activities that had an attenuated connection to the appeal before a panel on which the judge sat:

_____

[3]    Gage also asserts that I "appear[] to have been" "heavily involved in masking litigation" when I was employed at Honeywell." (Doc. 84 at 14.) She offers no evidentiary support for this assertion, however. *In re Hayden*, 2025 WL 1420905, at *8 ("factual allegations do not have to be taken as true, and a judge should not recuse . . . on unsupported, irrational, or highly tenuous speculation" (alteration in original) (quotation marks omitted)). In any event, as discussed in Section II(E)(2) below, this case has nothing to do with Honeywell, and little if anything to do with masks.

- 17 -

> At best, it could be said that through the filings the ACLU/SC has made clear its position regarding how this case should be decided. However, as explained above, the fact that my wife heads an organization that has adopted a position concerning this case, whether the position is expressed by my wife or in any other manner, cannot warrant my recusal. And the suggestion that either my wife or the ACLU/SC could benefit in any tangible way from this court's ultimate decision simply because the ACLU/SC signed on to peripheral lower court filings is highly "unreasonable and speculative."

630 F.3d 909, 914 (9th Cir. 2011) (quoting *Microsoft Corp. v. United States*, 530 U.S. 1301, 1302 (2000) (statement of Rehnquist, C.J.)).  Judge Roopali Desai's prior litigation has an even more attenuated connection to Gage's claims in this case, than the connection the Ninth Circuit found insufficient in *Perry*.  No reasonable person with knowledge of all the facts would conclude that my impartiality might reasonably be questioned on this basis. *See Studley*, 783 F.2d at 939.  Accordingly, Gage's argument fails.

### 2.    Honeywell International Inc.

Gage argues at length that my prior employment with, and current ownership of stock in, Honeywell requires recusal.  Her argument is based on an elaborate conspiracy tying me to Banner Health via Honeywell's production of N95 masks at a facility in Phoenix, a current Banner Health employee who previously worked at Honeywell, and an intricate web of business dealings between Honeywell, Banner Health, and three other companies.  (Doc. 84 at 15–17.)  Gage also claims that my alleged "undisclosed relationships and prior professional roles . . . directly intersect with the subject matter of this litigation," (*id*. at 17), alleges that I am "wrapped up in these matters" and actively "obstructing relevant discovery" to prevent exposing "Judge Desai or his company's actions in these matters," and asserts that I and Honeywell are involved in healthcare fraud, (*id*. at 16).  She further suggests that this case "involves Honeywell, affiliates and actions directly tied to current and ongoing litigations with Honeywell (even a religious badging system) and he has declined recusal."  (*Id.* at 16.)

Gage offers no evidence for the elaborate conspiracy she alleges, establishing nothing more than the following: I worked in various roles in Honeywell's legal

department, I currently own Honeywell stock, Honeywell manufactures and sells N95 masks, Honeywell has faced or is facing claims relating to COVID-19 activities, Honeywell did or does business with companies Banner Health was affiliated with, and a former employee of Honeywell now works at Banner Health. She offers no evidence that I was involved in setting policy for or otherwise involved in Honeywell's production of N95 masks, the development of Honeywell's COVID-19 policies, or Honeywell's litigation relating to N95 masks. Likewise, she offers no evidence that I knew that the former Honeywell employee who now works at Banner Health, or the three companies she identifies in her motion, even existed before she filed her Motion. There is no substance to her accusations, and she has not met her burden to establish that recusal is warranted.

Moreover, this matter has nothing to do with Honeywell. Rather, Gage brings claims against Banner Health for, among other things, religious discrimination and harassment, failure to accommodate her religious beliefs, and intentional infliction of emotional distress. (Doc. 16.) There is no conceivable way that the outcome of this litigation could financially impact Honeywell, and thus my stock ownership is immaterial because I do not have a "financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding." 28 U.S.C. § 455(b)(4).

**III.    CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** denying Gage's Motion to Disqualify Judge Desai Pursuant to 28 U.S.C. § 455 (Doc. 84).

Dated this 23rd day of March, 2026.

_____
Honorable Sharad H. Desai
United States District Judge