WO

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Mally Gage,

Plaintiff,

v.

Banner Health,

Defendant.

No. CV-24-01133-PHX-SHD

**ORDER**

Plaintiff Mally Gage filed a Motion for Reconsideration, or in the Alternative, for Clarification, (Doc. 97 (the "Reconsideration Motion")), of my previous Order denying her Motion for Disqualification, (Doc. 93). The Reconsideration Motion will be **denied**.

## I. BACKGROUND

On August 20, 2025, Gage filed a Motion to Disqualify Judge Desai Pursuant to 28 U.S.C. § 455 based on arguments organized in five separate categories. (*See* Doc. 84 (the "Disqualification Motion")). On March 23, 2026, I denied the Disqualification Motion in a detailed order addressing each of Gage's arguments. (*See* Doc. 93 (the "Order")). Gage timely filed her Reconsideration Motion on April 6, 2026. (Doc. 97.)

## II. LEGAL STANDARD

"Motions to reconsider are appropriate only in rare circumstances." *333 W. Thomas Med. Bldg. Enters. v. Soetantyo*, 976 F. Supp. 1298, 1302 (D. Ariz. 1995); *see also Bullock v. Ariz. Bd. of Regents*, 2025 WL 1115462, at *1 (D. Ariz. 2025) ("Although the Court has discretion to reconsider a prior order, reconsideration is disfavored and appropriate only in

rare circumstances." (citation and quotation marks omitted)); *Coppinger v. Don Sanderson Ford Inc.*, 2025 WL 1101661, at *2 (D. Ariz. 2025) (explaining that reconsideration is "an extraordinary remedy that is available only in highly unusual circumstances" (quotation marks omitted)). "The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g)(1). Courts in this district have explained that to satisfy the manifest error standard, a "decision must strike the court as more than just maybe or probably wrong—it must be dead wrong." *De Silva v. Pima Cnty. Gov't*, 2025 WL 48457, at *2 (D. Ariz. 2025) (citation omitted).

"No motion for reconsideration of an Order may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order." LRCiv 7.2(g)(1). Put another way "[a] motion for reconsideration should not be used to ask the court to rethink what the court had already thought through—rightly or wrongly." *United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998) (quotation marks omitted). Accordingly, courts should deny reconsideration motions that only reiterate arguments a party has already made. *See, e.g.*, *Potter v. Meza*, 2026 WL 183540, at *2 (D. Ariz. 2026) (noting that arguments that "reiterate[d] arguments that Plaintiff already raised . . . are not properly raised in a motion for reconsideration" (citing *Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 582 (D. Ariz. 2003))); *see also Lane v. City of Tucson*, 2025 WL 691702, at *2 (D. Ariz. 2025) ("[A] party seeking reconsideration must show more than a disagreement with the Court's decision . . . ." (citation omitted)); *Ogden v. CDI Corp.*, 2021 WL 2634503, at *3 (D. Ariz. 2021) (denying a motion for reconsideration when plaintiff did "nothing more than disagree with this Court as to the relevant law").

## III. DISCUSSION

In her Reconsideration Motion, Gage requests reconsideration on eight grounds. (*See generally* Doc. 97.) Other than referring generically to the Order as "Doc. 93"—without reference to any specific pages—Gage does not cite any other document in the

record. (*Id.*) Likewise, she does not cite any caselaw and her sole legal citations consist of generic references to 28 U.S.C. § 455. Because her arguments merely reiterate arguments she made in her Disqualification Motion or express her disagreement with the Order based largely on her mischaracterization of that order, they fail.

She first argues that I mischaracterized her Disqualification Motion as simply challenging prior rulings and ignored her argument that the pattern of rulings created a cumulative appearance of partiality. (Doc. 97 at 2–3.) To be sure, many of the arguments in Gage's Disqualification Motion failed because they merely challenged rulings with which she disagreed. (*See, e.g.*, Doc. 93 at 6, 9, 13–14.) But, critically, Gage ignores that I addressed each category of arguments she presented individually and explained why none, alone or together, met the standard for recusal under 28 U.S.C. § 455. (*See generally* Doc. 93.) Gage cites no new caselaw and does not identify specific portions of the order that misstate her position. In other words, she largely reiterates her original framing and expresses disagreement with the Order, which is insufficient for reconsideration. *See, e.g.*, *Rezzonico*, 32 F. Supp. 2d at 1116.

Second, Gage argues that I failed to adequately address her claim of unequal procedural treatment regarding the depositions in this case. (Doc. 97 at 3–4.) In making this argument, Gage ignores that I addressed both her own deposition and the CCO deposition in detail, including by explaining that I had not even been assigned to the case when Gage's deposition occurred, and that I gave Gage multiple written and oral opportunities to argue her position regarding the CCO deposition. (Doc. 93 at 4–7.) Gage fails to identify any factual error in these findings or cite new authority. She simply disagrees with my analysis, and thus she fails to satisfy the standard for recusal. *See, e.g.*, *Rezzonico*, 32 F. Supp. 2d at 1116.

Third, Gage contends that I incorrectly described Banner Health's February 25, 2025 Motion for Discovery Dispute Conference (Doc. 39) and my response to that motion, arguing that I gave Banner Health procedural advantages. (Doc. 97 at 4–5.) But she does not identify a single incorrect statement in the Order, nor does she address my explanation,

provided in both the Order and at the February 27, 2025 hearing, that I scheduled the hearing quickly due to the impending discovery deadline. (Doc. 93 at 8–9 (citing Doc. 80 at 2).) She further ignores that I expressly declined to address Banner Health's substantive disputes at the February 27 hearing and instead gave her an opportunity to meet and confer. She offers no evidence or law establishing error, let alone manifest error. Indeed, she is merely reasserting the same procedural-inequality argument she raised in her Disqualification Motion, which I rejected. There is no basis to "rethink what the court had already thought through—rightly or wrongly." *Rezzonico*, 32 F. Supp. 2d at 1116.

Likewise, Gage's fourth argument fails because she again focuses on her disagreements with the Order. She argues that I required her to compress multiple disputes into limited presentations while affording the defendant more flexibility, (Doc. 97 at 5–6), but this again ignores the fact that *both parties* were required to submit positions in a single joint discovery dispute statement, and that Gage was granted extensions when she requested more time. (Doc. 93 at 11–12.) Again, she presents no new facts or law, opting instead to repackage her argument from her Disqualification Motion.[1]

Fifth, Gage requests clarification, arguing the court's references to "no evidence" could be misunderstood to mean she cited nothing at all, when she did cite "exhibits, docket events, and transcript-related filings, public materials, and circumstantial facts directed to the appearance inquiry." (Doc. 97 at 6–7.) No clarification is warranted. The Order clearly identifies unsupported allegations with specificity. (*See* Doc. 93 at 12, 18–19.)

Sixth, Gage argues that I treated her medical-records and blacklisting arguments as mere disagreements with discovery rulings, rather than addressing her belief that those

[1] Among the arguments that she repackages is her argument that I unfairly accepted Banner Health's "position as the operative frame" without affording her "**a reciprocal opportunity to fully present why [Banner Health's] responses were deficient before adverse comments were made about the breadth or good faith of her position**." (Doc. 97 at 6 (emphasis in original).) Gage's argument, however, ignores that the Order addressed this point, (*see* Doc. 93 at 12), and also fails because it misstates the record. My comments regarding Gage's apparent lack of good faith were based on my independent review of the discovery materials she submitted, not on Banner Health's framing of the issue. (*See* Doc. 82 at 10–12 (explaining that Gage's challenge to every discovery response did not appear to be in good faith based on a review of the documents, and providing several examples of discovery requests that appeared to be "argumentative, convoluted, and otherwise objectionable").)

rulings contributed to an appearance of partiality. (Doc. 97 at 7.) But again, Gage improperly reiterates arguments in her Disqualification Motion that I already rejected. I specifically addressed her arguments under the § 455(a) recusal standard, explaining why a reasonable observer would not question my impartiality based on my rulings and statements at the May 27, 2025 hearing, which I quoted in full to address her characterization that I engaged in mocking behavior. (Doc. 93 at 14–15 (citing *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986).) Because Gage presents no new facts or authority—and simply expresses disagreement with my application of the reasonable person standard—reconsideration is inappropriate.

Gage's seventh and eighth arguments are effectively the same. She argues that I (a) incorrectly applied a conclusive-proof framework, rather than an appearance-based standard, to her arguments that I have a conflict of interest, (Doc. 97 at 8–9), and (b) improperly demanded proof of actual bias rather than applying the appearance standard, (Doc. 97 at 9–10). But in making these arguments, Gage confuses the analytical standard that applies to disqualification motions brought under 28 U.S.C. § 455—"whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned," *see, e.g.*, *Studley*, 783 F.2d at 939 (quoting *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984))—with the evidentiary burden that a movant bears when seeking disqualification, *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 566 (9th Cir. 1995) (holding that "mere conclusory allegations . . . are insufficient to support a claim of bias or prejudice such that recusal is required" (citation omitted)); *In re Hayden*, 2025 WL 1420905, at *8 (B.A.P. 9th Cir. 2025) (explaining that "factual allegations do not have to be taken as true, and a judge should not recuse . . . on unsupported, irrational, or highly tenuous speculation" (alteration in original) (quotation marks omitted)); *Langley v. Brown*, 2007 WL 1186263, at *2 (D. Ariz. 2007) ("Because a federal judge is presumed to be impartial, the party claiming bias bears a substantial burden to show that the judge is not impartial." (quoting *Shafler v. HSBC Bank USA*, 2007 WL 578993, at *7 (N.D. Cal. 2007))).

In the Order, I applied both standards by identifying and disregarding allegations unsupported by evidence, and then addressing whether a reasonable person considering the established facts would conclude that my impartiality might reasonably be questioned. (*See* Doc. 93 at 16–18.) Put another way, I repeatedly cited and applied the standard for recusal under § 455 throughout the Order, assessing whether the evidence—rather than Gage's unsupported or conclusory allegations—would lead a reasonable person to have reasonable questions about my impartiality. Accordingly, Gage's seventh and eighth arguments do not support reconsideration.

Finally, Gage's various requests for clarification sprinkled throughout her Reconsideration Motion will be denied. Gage's arguments for recusal were analyzed in detail and rejected based on the governing legal standards, and there is no need for further clarification. (*See generally* Doc. 93.) Moreover, Gage's requests for clarification appear to be veiled attempts to improperly reargue the merits of her Disqualification Motion.

## IV. CONCLUSION

Gage's Reconsideration Motion primarily relies on arguments previously raised in the Disqualification Motion or arguments that express her disagreement with the Order, both of which are improper bases for reconsideration. Furthermore, she cites no new caselaw and identifies no factual or legal errors in the Order.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration, (Doc. 97), is **DENIED**.

Dated this 24th day of August, 2026.

Honorable Sharad H. Desai
United States District Judge